C. A. Stotts, by next Friend, Respondent, v. P. J. Leonhard, Appellant.

**St. Louis Court of Appeals, April 1, 1890.**

Infant: DISAFFIRMANCE OF CONTRACT. An infant who purchases a chattel, and, to secure the payment of the purchase money, gives a mortgage on such chattel and other personal property of his own, may, if the vendor under the mortgage takes possession of the chattel sold and is thus placed *in statu quo,* disaffirm the mortgage, and thus release the additional property covered by it; and an action of replevin for such additional property, instituted by him, but dismissed without being prosecuted to a final judgment, is a sufficient disaffirmance.

*Appeal from the Lawrence Circuit Court.*—Hon. M. G. McGregor, Judge.

Affirmed.

*W. Cloud,* for the appellant.

*R. H. Landrum* and *Wm. B. Skinner* for the respondent.

Rombauer, P. J., delivered the opinion of the court.

This is an action of replevin for a horse, and the following facts are conceded by the testimony: The plaintiff, who was a minor, in June, 1888, bought a buggy from the defendant, who at that time knew that plaintiff was a minor. The plaintiff paid nothing on

account, but gave to defendant his promissory note for eighty-five dollars, which was the purchase price, such note by its terms being payable February 1, 1889, and secured by a chattel mortgage executed by the plaintiff, conveying the buggy and the horse in controversy to defendant, with power to take possession and sell for condition broken. When this note fell due, the plaintiff tried to secure an extension, but failed. In March, 1889, the defendant sent a constable to take possession under the mortgage, and the plaintiff delivered the horse to him, stating that he was willing to turn it over in payment of the debt. The defendant refused so to receive the horse, but retained it, and subsequently retook the buggy also, whereupon the plaintiff instituted an action of replevin for the horse before a justice, but dismissed it before the institution of the present suit. The defendant gave a delivery bond in both actions. Upon trial in the circuit court, of the present action, by the court without a jury, the plaintiff recovered judgment for possession of the horse, or its ascertained value, and three dollars' damages.

The only substantial controversy arising on this appeal is, whether there was any evidence of the disaffirmance of the contract by the plaintiff prior to the institution of this suit. On that subject the plaintiff's father testified that, several days before the institution of the suit, he called upon the defendant and told him "that the intention was that the boy was not going to stand to the mortgage," but whether this was done at plaintiff's request or not did not clearly appear. The plaintiff himself testified on the subject as follows:

"*Q.* I mean have you ever claimed that this was not a legal debt because you were under twenty-one years of age? *A.* No, sir.

"*Q.* You never have gone to Leonhard and told him you wanted to repudiate the transaction or to rescind it, have you? *A.* No, sir.

" *Q.* You have never asked him to take the buggy back and release you from the transaction, have you? *A.* No, sir.

" *Q.* You sent the horse then to pay off this debt, did you? *A.* Yes, sir.

" *Q.* Not for the purpose of rescinding the contract, but to pay off the debt? *A.* I sent the horse there to pay the debt.

" *Q.* You never claimed at any time that you were not going to pay that debt? *A.* No, sir.

" *Q.* You at all times have claimed you were going to pay it, haven't you? *A.* That is the way I stated it."

The view upon which the court's finding is based will best appear from the following declaration of law given on its own motion: " The court declares the law to be that, if the horse belonged to plaintiff, who was and still is a minor, and, if before bringing this suit, plaintiff gave notice to defendant that he elected to avoid his contract and trade for the buggy, and had, previous to the bringing of this suit, brought a former suit for the recovery of the horse, and caused a summons and writ of replevin to be served on defendant for said horse, which suit was dismissed before bringing this suit, and that defendant at the time of such notice and since that time has had said buggy in his possession, and has been placed *in statu quo*, then the plaintiff is entitled to recover."

As no errors are assigned by the defendant, either formally or in his brief, we would be justified in affirming the judgment upon that ground alone. Still, as the defendant's counsel has filed an elaborate printed argument, indicative of what he complains, we prefer to decide the case upon its merits.

The defendant's argument is in substance to this effect: All contracts of infants are voidable only, and the plea of infancy is one of personal privilege available to the infant alone. There is nothing to show that the

infant plaintiff ever sought to avoid his contract; on the contrary, his own evidence, as above, indicates that he has at all times recognized the validity of the *debt*, and did so even upon the trial. The vice of this argument is that it treats the debt and mortgage as inseparable parts of the same contract, whereas the validity of the debt in no sense depends on the validity of the mortgage, though the converse proposition is true. Now, in the case at bar, it appears from all the evidence, that, while the infant never repudiated the debt, he never recognized the validity of the mortgage, but expressly repudiated it by bringing his first action of replevin. The question for decision in this case was not whether the plaintiff owed the defendant anything, but whether the defendant had a valid lien upon the plaintiff's horse for the debt thus owing. Upon that view, the declaration of law made by the court upon evidence warranting it, was clearly correct. Treating the mortgage as voidable by the infant, and as repudiated by him prior to the institution of this suit, the court simply found that the defendant by retaking the buggy, retook the consideration for the debt, and the case presented no equities for adjustment, as the case of *Betts v. Carroll*, 6 Mo. App. 518, relied on by defendant, clearly did.

Judgment affirmed. All the judges concur.